**In re Richard SCHELLER, Relator.**

No. 09–1072.

Supreme Court of Texas.

Nov. 5, 2010.

Rehearing Denied Dec. 10, 2010.

Cecilia M. Wood, Attorney & Counselor at Law, PC, Austin, for Richard Scheller.

JoAl Cannon Sheridan, Kristen A. Algert, Ausley, Algert, Robertson & Flores, LLP, Austin, for William Pemberton.

PER CURIAM.

In this grandparent-access suit, the trial court issued temporary orders that included granting a grandfather temporary access to and possession of his grandchildren. However, the trial court abused its discretion in issuing the order because the grandfather did not establish by a preponderance of the evidence that denial of access to or possession of the grandchildren would significantly impair their physical health or emotional well-being. For the reasons expressed below, we conditionally grant mandamus relief and direct the trial court to vacate its temporary order for access and possession.

Amanda Scheller passed away in September 2007. She was survived by her two young daughters and husband, Richard Scheller ("Scheller"). Both before and after Amanda passed away, her daughters visited Amanda's father and step-mother, William Pemberton ("Pemberton") and Judy Pemberton ("Judy"), every four to six weeks in Crockett, Texas. During the year after Amanda's death, Scheller relied on the Pembertons for assistance taking care of his two daughters. The girls currently live in Austin with Scheller and his new wife, Sylvia.

The Schellers' relationship with the Pembertons began to deteriorate in December 2008. Scheller alleges the conflict began when he took the children to visit the Pembertons in Crockett on Christmas Day, rather than Christmas Eve. The Pembertons blame the conflict, in part, on a decreased frequency of visits, which they attribute to Scheller's relationship with Sylvia. But Scheller claims the decreased visits were a result, in part, from the Pembertons admitted refusal to follow set conditions he laid out for his children's visits, such as avoiding certain topics of conversation and adhering to a particular bedtime. Conflict over the time and manner of the Pembertons' visits with the girls continued throughout 2009. Verbal confrontations about the girls arose on the telephone, in public, and at the Schellers' home in Austin.

Pemberton filed suit for grandparent access in August 2009. *See* Tex. Fam.Code § 153.432 (providing for suits by grandparents for possession or access to grandchildren). He petitioned for temporary access to the girls and for the court to appoint an expert to evaluate whether denying Pemberton access to the girls would significantly affect their physical health or emotional well-being. The trial court rendered temporary orders awarding Pemberton the following access rights: (1) weekly telephone or webcam access to the girls for up to ten minutes, (2) possession and access one weekend of every even-numbered month, (3) possession and access from December 28th through December 30th, and (4) possession and access for either the second week of July or the week during which a particular Vacation Bible School is held. The orders contain general conditions and restrictions that the Pembertons must follow while the children are with them. The court also appointed an expert to serve both as the children's guardian ad litem and as a psychological expert to eval-

uate the relationship between the children and the parties in conflict and make recommendations regarding whether denying Pemberton access to his granddaughters would significantly impair their physical health or emotional well-being.

Scheller sought mandamus relief in the court of appeals. The court granted temporary relief and stayed the trial court's temporary order, but subsequently lifted the stay and denied mandamus relief. Scheller now seeks mandamus relief from this Court. He argues that the temporary orders for access to and possession of the children and appointment of an expert violated his fundamental liberty interest as a parent to have control and autonomy in making child-rearing decisions. Scheller requests that we reverse the trial court's order for temporary access and render judgment denying Pemberton's petition for access and appointment of an expert. We address each contention.

■ Trial courts have considerable discretion in making temporary orders for a child's safety and welfare in suits affecting the parent-child relationship. *See* Tex. Fam.Code § 105.001. However, a trial court cannot "infringe on the fundamental right of parents to make child rearing decisions simply because [it] believes a better decision could be made." *Troxel v. Granville*, 530 U.S. 57, 72–73, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality op.) (internal quotations omitted); *see also In re Chambless*, 257 S.W.3d 698, 700 (Tex. 2008) (per curiam) ("Parents enjoy a fundamental right to make decisions concerning the care, custody, and control of their children." (quotation omitted)). We have held that "so long as a parent adequately cares for his or her children (*i.e.*, is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *In re Derzapf*, 219 S.W.3d

327, 333 (Tex.2007) (per curiam) (quoting *In re Mays–Hooper*, 189 S.W.3d 777, 778 (Tex.2006) (per curiam) (quoting *Troxel*, 530 U.S. at 68, 120 S.Ct. 2054)).

■ Scheller first argues that the trial court improperly issued the temporary orders for access to and possession of the children. A trial court abuses its discretion if it grants temporary access to grandchildren when a grandparent does not "overcome the presumption that a parent acts in his or her child's best interest by proving that 'denial ... of access to the child would significantly impair the child's physical health or emotional well-being.'" *Derzapf*, 219 S.W.3d at 333 (quoting Tex. Fam.Code § 153.433(2) (current version at Tex. Fam.Code § 153.433(a)(2))).

We have granted conditional mandamus relief in similar cases when a grandparent does not overcome his "high threshold" burden. *Derzapf*, 219 S.W.3d at 335; *Mays–Hooper*, 189 S.W.3d at 778. In *Derzapf*, we held that the grandchildren's "lingering sadness" from lack of contact with the grandparents did not sufficiently demonstrate significant harm to the children because the court-appointed psychologist testified that the sadness did not "manifest[ ] as depression or behavioral problems or acting out" so as to "rise to a level of significant emotional impairment." 219 S.W.3d at 330, 332–33. And in *Mays–Hooper*, we held the trial court erred because it "did not indicate any reason why" it should interfere with the parent-child relationship, and the mother "articulated several reasons for not wanting to turn her son over to her mother-in-law[,]" including "differences about church attendance, what to say about [the father's] death, and alleged inattention by her mother-in-law." 189 S.W.3d at 778.

The United States Supreme Court addressed the issue of grandparent access in *Troxel v. Granville*, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (plurality op.). The Court held that a trial court's order for grandparent access unconstitutionally infringed on the parent's fundamental liberty interest where there was no evidence that the parent was unfit, that the children's health and well-being would suffer, or that the parent intended to exclude grandparent access entirely. *Id.* at 68–71, 120 S.Ct. 2054. Accordingly, the Court affirmed the Washington Supreme Court's holding that " '[p]arents have a right to limit visitation of their children with third persons,' and between parents and judges, 'the parents should be the ones to choose whether to expose their children to certain people or ideas.'" *Id.* at 63, 120 S.Ct. 2054 (quoting *In re Custody of Smith*, 137 Wash.2d 1, 969 P.2d 21, 31 (1998)).

■ Similar to *Derzapf* and *Mays–Hooper*, the trial court abused its discretion in this case because Pemberton did not satisfy his burden to be granted access rights. Pemberton argues that he met the statutory burden to prove that his granddaughters' mental and physical health would suffer if he did not have access to them. He presented evidence about behavior exhibited by the girls and circumstances influencing their mental and physical health including: (1) the girls displaying anger; (2) one of the girls experiencing instances of isolated bed wetting and nightmares; (3) witnesses who have seen Pemberton with the children testifying that, from their experiences, denying Pemberton access to his granddaughters would impair the children's physical or emotional development; and (4) the significant impact of loss of maternal family members on the girls, leaving Pemberton the only remaining maternal familial connection.

■ However, that evidence is not enough to satisfy Pemberton's hefty statutory burden, and we hold that the trial

court abused its discretion in issuing a temporary order for access to and possession of the children. Like the children in *Derzapf*, there is nothing in the record here to indicate anything more substantial than the children's understandable sadness resulting from losing a family member and, according to the Pembertons, missing their grandparents. 219 S.W.3d at 330. In fact, the record shows that Scheller has taken responsible, precautionary measures to ensure that his daughters are able to cope with their grief, such as sending his older daughter to counseling and grief groups. As in *Troxel*, Scheller appears to be willing to allow Pemberton to see the girls as long as he comes to Austin and does not bring Judy.[1] Scheller concedes he has not spoken with Pemberton since this litigation began, but explains that his attorney advised him against it.

We hold that the trial court abused its discretion in granting a temporary order for access to and possession of the Scheller girls because Pemberton did not meet the hefty statutory burden required to prove that he is entitled to grandparent access rights. If evidence is presented as the litigation develops that overcomes the hefty presumption, the trial court may reconsider the issue. However, there was insufficient evidence at this stage of the litigation for the trial court to issue the temporary order granting Pemberton access to and possession of his granddaughters.

■ Next, Scheller challenges the trial court's order appointing an expert to serve both as guardian ad litem to the children and as an expert psychologist to examine the parties and children to make recommendations to the court. He argues that the trial court's appointment violates his constitutional right to make child rearing decisions and is effectively more invasive than the temporary access orders because it requires Scheller to follow recommendations made by the expert.

■ Despite considerable discretion vested in courts to issue temporary orders "for the safety and welfare of the child," a court cannot act to infringe on a party's constitutional rights. TEX. FAM.CODE § 105.001, *see also Grigsby v. Coker*, 904 S.W.2d 619, 621 (Tex.1995) (per curiam) (holding that a trial court abused its discretion by entering a temporary gag order in a child custody modification proceeding that violated the parties' constitutional rights to free speech and due process). Parental control and autonomy is a "fundamental liberty interest." *Derzapf*, 219 S.W.3d at 335 (quoting *Troxel*, 530 U.S. at 65, 120 S.Ct. 2054). And as we previously explained, there is no reason to inject the State into the family realm when a parent adequately cares for his children. *Id.* at 333 (citations and quotations omitted). However, the trial court's appointment of an evaluative expert does not infringe on Scheller's rights because such an appointment is allowed by law; the order entered by the Court does not interfere with the parental relationship, but rather seeks to determine the best interests of the children; and no conflict exists between appointing the evaluating psychologist as guardian ad litem.

The Family Code specifically provides for this type of appointment. A suit for access to a child is a suit affecting the parent-child relationship (SAPCR) in which the principal consideration is the child's best interest. *See* TEX. FAM.CODE § 101.032(a) (defining a SAPCR); *id.*

---

1. Step-grandparents do not have standing to seek access to their step-grandchildren. *See*

*Derzapf*, 219 S.W.3d at 331–33.

§ 153.002 (explaining that "[t]he best interest of the child shall always be the primary consideration of the court in determining the issues of ... possession of and access to the child"). In SAPCRs, a trial court may appoint a psychologist or psychiatrist to conduct a mental examination of the parties and children subject to the suit. TEX.R. CIV. P. 204.4(a). A trial court additionally has discretion to appoint a guardian ad litem in a suit for access to a child if it "finds that the appointment is necessary to ensure the determination of the best interests of the child...." TEX. FAM.CODE § 107.021(a)(3), (b)(2). Psychologists are one class of professionals qualified under the Family Code to serve as a guardians ad litem. *See* *id.* § 107.001(5)(B), (5)(C). In using these finite resources at the trial court's disposal to determine the best interests of the children, the trial court did not abuse its discretion.

Also, nothing on the face of the order indicates that the trial court erred in appointing the same person to serve as expert psychologist and guardian ad litem. The role of the psychologist in evaluating the children and parties is consistent with the role of a guardian ad litem because the psychologist gives the court recommendations about the children's best interests. *See* TEX. FAM.CODE § 107.002(a), (b), (e) (detailing a guardian ad litem's duties, which include reviewing relevant records, interviewing the parties and children subject to the suit to determine the child's best interest, reporting to the court, testifying during hearings, and performing any other relevant tasks the court orders).

Scheller argues that this specific order violates his constitutional rights. Generally, a trial court would commit error by requiring a party to adhere to expert recommendations in violation of a party's constitutional rights. However, in this case, the trial court did not abuse its discretion or commit an error of law by appointing an expert to evaluate the parties and children, represent the children's best interests, and make recommendations to the court as to whether depriving Pemberton access would significantly harm the girls' emotional well-being or physical health. Scheller argues this order violates his constitutional rights because it orders his children to participate in counseling. Trial courts may order parties to participate in counseling with a mental health professional if they have a "history of conflict in resolving an issue of ... access to the child." TEX. FAM.CODE § 153.010(a)(1). But it is clear from the order that the trial court did not intend to require counseling, but instead intended to have an expert psychologist assist the court in making factual determinations regarding whether depriving Pemberton of access to and possession of his grandchildren would significantly impair their physical health or emotional well-being.

Scheller's argument is unpersuasive given the content of the temporary order appointing the expert, whose dual role as guardian ad litem and evaluative psychologist facilitates the court's factual inquiry into the children's best interest and physical and emotional welfare. The trial court appointed the expert "to evaluate the circumstances surrounding the relationship between the Petitioner, Respondent, and the children, and to make recommendations to the court regarding whether denial of possession and access to the children by Petitioner would significantly impair their physical health or emotional well-being." The parties are only ordered to "follow the recommendations of [the expert] and otherwise cooperate in her evaluation of the circumstances surrounding the basis of th[e] suit, including but not limited to, making the children available for any interviews, joint sessions, individual sessions,

646

or other contact deemed necessary by [the expert] in performance of her duties...." Further, the court will hold a hearing if party objects to the recommendations relating to whether an evaluation should be performed on a party or child. Accordingly, the expert's role as demonstrated by the trial court's order does not interfere with Scheller's constitutional rights.

Scheller is entitled to mandamus relief because the trial court abused its discretion in issuing temporary orders for grandparent access. Pemberton did not meet the burden required to divest a parent of control and autonomy in making parenting decisions. This is irremediable error that warrants mandamus relief. *See Derzapf*, 219 S.W.3d at 334–35. However, the trial court did not err in appointing an expert to serve as guardian ad litem to the children and as a psychologist to evaluate the case and make recommendations to the court regarding the children's best interests. Accordingly, without hearing oral argument, we conditionally grant mandamus relief and direct the trial court to lift the temporary order permitting grandparent access. *See* TEX.R.APP. P. 52.8(c), 59.1. We are confident that the court will comply, and the writ will issue only if it does not.