02-10-362-CV 
















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00362-CV

 

 


 
 
 In re Norman O. Nickelberry
 
 
  
 
 
 RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION[1]

                                                       ------------

In
this original proceeding, Relator Norman O. Nickelberry argues that the trial
court abused its discretion by awarding Real Party in Interest Janice McKnight grandparent
access to his daughter D.J.M. without a showing that she had standing to file
suit and without a showing that the denial of access would “significantly
impair the child’s physical health or emotional well-being.”  Nickelberry also
filed an emergency motion for temporary relief, asking this court to stay the
trial court’s October 7, 2010 oral order granting McKnight access to and
possession of D.J.M.  We granted Nickelberry’s motion for temporary relief and requested a
response from McKnight.  We will
conditionally grant the writ.

Nickelberry
also filed a motion to strike statements and documents in McKnight’s response
because they are not part of the appellate record and moved for sanctions.  The affidavit of which Nickelberry
complains, which was attached to McKnight’s response as an exhibit, is not a
part of the appellate record and thus we cannot consider it.  See Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848–49 (Tex.
2004); In re D.D.J., 136 S.W.3d 305, 315 n.3 (Tex. App.—Fort Worth 2004,
no pet.).  We grant Nickelberry’s motion to strike but deny his motion for
sanctions.

Factual and Procedural History

          On June 11, 2010, McKnight filed a
petition to modify the parent-child relationship, seeking to be named the
temporary conservator of her maternal three-year-old granddaughter D.J.M., with
the right to designate D.J.M.’s primary residence.  McKnight also asked the court to order
Nickelberry to pay child support, D.J.M.’s health insurance premiums, and fifty
percent of D.J.M.’s uninsured medical expenses while the case was pending.  McKnight alleged that the temporary orders
were necessary because “the child’s present circumstances would significantly
impair the child’s physical health or emotional development.”  In a separate motion for temporary orders filed
the same day, McKnight asked the trial court to (1) appoint her and Nickelberry
joint managing conservators of D.J.M., and (2) appoint her D.J.M.’s primary
joint managing conservator.  McKnight’s
motion stated that the temporary orders were necessary for the “safety and
welfare” of D.J.M.  However, neither the
petition to modify nor the motion for temporary orders recited any facts to
support the need for temporary orders.

On
October 7, 2010, the trial court held a hearing on McKnight’s motion for
temporary orders.  During the hearing, McKnight’s
counsel initially stated that she had evidence demonstrating some “concerns”
about Nickelberry’s health, his ability to care for D.J.M., and D.J.M.’s
alleged neurological condition.  However,
McKnight’s lawyer then acknowledged that she had “no evidence that [Nickelberry is] an unfit father.”  Counsel for McKnight stated she was seeking
discovery and a social study to obtain that evidence.  There was no evidence whatsoever presented to
the trial court on that date.

The
trial court granted the motion for a social study and advised the parties that
he would hear evidence on standing after the social study had been completed.  The trial court also entered an oral temporary
order granting McKnight access and possession of D.J.M. on the first, third,
and fifth Saturdays from 9:00 a.m. until 2:00 p.m. on Sunday.  At the conclusion of the hearing, the trial
court informed McKnight’s counsel that it did not appear from her opening
statements that McKnight would meet the burden for obtaining grandparent access
in the long term but that the parties would reconvene at a later date for a
hearing on that issue.

Authority and Analysis

Section
153.433 of the Texas Family Code sets forth the requirements that must be met
before a court may order grandparent access to a grandchild.  See
Tex. Fam. Code Ann. § 153.433 (Vernon Supp. 2010).
 A trial court abuses its discretion if
it grants temporary access to grandchildren when a grandparent does not
“overcome the presumption that a parent acts in his or her child's best
interest by a preponderance of the evidence by proving that ‘denial . . . of
access to the child would significantly impair the child’s physical health or
emotional well-being.’”  In
re Derzapf, 219 S.W.3d 327, 333 (Tex. 2007) (quoting family code section 153.433(2),
current section 153.433(a)(2)’s predecessor).

The
legislature has set a high threshold for a grandparent to overcome the
presumption that a parent acts in his or her child’s best interest:  the grandparent must prove that denial of
access would “significantly impair” the child’s
physical health or emotional well-being.  See Tex. Fam. Code Ann. § 153.433(a)(2);
Derzapf, 219 S.W.3d
at 334.  This high threshold exists so
that a court will refrain from interfering with child-rearing decisions made by
a parent simply because the court believes that a “better decision” could have
been made.  See Derzapf, 219 S.W.3d at 334 (quoting Troxel v. Granville, 530
U.S. 57, 73, 120 S. Ct. 2054, 2064 (2000)).

In this case, the trial court abused its discretion by
granting a temporary order for access to and possession of D.J.M. because
McKnight failed to present any evidence to meet the statutory burden required
to prove that she is entitled to grandparent access rights.  See Derzapf, 219 S.W.3d at 333; see also In re Scheller, No. 09-1072,
2010 WL 4371436, at *3 (Tex. Nov. 5, 2010) (orig. proceeding).  We sustain Nickleberry’s
second issue.  Based on this resolution,
we need not address his first issue.  See Tex. R. App. P. 47.1.

Conclusion

Having determined that the trial court abused
its discretion by granting McKnight’s access and visitation with D.J.M., we
order the trial court to vacate its October 7, 2010 oral temporary order
granting McKnight access and visitation. 
Only if the trial court fails to comply with
this court’s order will we issue the writ.  We grant Nickelberry’s
motion to strike and deny his motion for sanctions.

 

 

                                                                   
 
 
 
 
 
 
 
 
 LEE GABRIEL

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 DAUPHINOT, WALKER, and 
 
 
 
 
 
 GABRIEL, JJ.

 

DELIVERED:  December 9, 2010











     [1]See
Tex. R. App. P. 47.4., 52.8(d).