

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00362-CV

IN RE NORMAN O. NICKELBERRY                    RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

In this original proceeding, Relator Norman O. Nickelberry argues that the trial court abused its discretion by awarding Real Party in Interest Janice McKnight grandparent access to his daughter D.J.M. without a showing that she had standing to file suit and without a showing that the denial of access would "significantly impair the child's physical health or emotional well-being." Nickelberry also filed an emergency motion for temporary relief, asking this court to stay the trial court's October 7, 2010 oral order granting McKnight access to

------------

[1]*See* Tex. R. App. P. 47.4., 52.8(d).

and possession of D.J.M. We granted Nickelberry's motion for temporary relief and requested a response from McKnight. We will conditionally grant the writ.

Nickelberry also filed a motion to strike statements and documents in McKnight's response because they are not part of the appellate record and moved for sanctions. The affidavit of which Nickelberry complains, which was attached to McKnight's response as an exhibit, is not a part of the appellate record and thus we cannot consider it. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *In re D.D.J.,* 136 S.W.3d 305, 315 n.3 (Tex. App.—Fort Worth 2004, no pet.). We grant Nickelberry's motion to strike but deny his motion for sanctions.

**Factual and Procedural History**

On June 11, 2010, McKnight filed a petition to modify the parent-child relationship, seeking to be named the temporary conservator of her maternal three-year-old granddaughter D.J.M., with the right to designate D.J.M.'s primary residence. McKnight also asked the court to order Nickelberry to pay child support, D.J.M.'s health insurance premiums, and fifty percent of D.J.M.'s uninsured medical expenses while the case was pending. McKnight alleged that the temporary orders were necessary because "the child's present circumstances would significantly impair the child's physical health or emotional development." In a separate motion for temporary orders filed the same day, McKnight asked the trial court to (1) appoint her and Nickelberry joint managing conservators of D.J.M., and (2) appoint her D.J.M.'s primary joint managing conservator.

2

McKnight's motion stated that the temporary orders were necessary for the "safety and welfare" of D.J.M. However, neither the petition to modify nor the motion for temporary orders recited any facts to support the need for temporary orders.

On October 7, 2010, the trial court held a hearing on McKnight's motion for temporary orders. During the hearing, McKnight's counsel initially stated that she had evidence demonstrating some "concerns" about Nickelberry's health, his ability to care for D.J.M., and D.J.M.'s alleged neurological condition. However, McKnight's lawyer then acknowledged that she had "no evidence that [Nickelberry is] an unfit father." Counsel for McKnight stated she was seeking discovery and a social study to obtain that evidence. There was no evidence whatsoever presented to the trial court on that date.

The trial court granted the motion for a social study and advised the parties that he would hear evidence on standing after the social study had been completed. The trial court also entered an oral temporary order granting McKnight access and possession of D.J.M. on the first, third, and fifth Saturdays from 9:00 a.m. until 2:00 p.m. on Sunday. At the conclusion of the hearing, the trial court informed McKnight's counsel that it did not appear from her opening statements that McKnight would meet the burden for obtaining grandparent access in the long term but that the parties would reconvene at a later date for a hearing on that issue.

3

**Authority and Analysis**

Section 153.433 of the Texas Family Code sets forth the requirements that must be met before a court may order grandparent access to a grandchild. *See* Tex. Fam. Code Ann. § 153.433 (Vernon Supp. 2010). A trial court abuses its discretion if it grants temporary access to grandchildren when a grandparent does not "overcome the presumption that a parent acts in his or her child's best interest by a preponderance of the evidence by proving that 'denial . . . of access to the child would significantly impair the child's physical health or emotional well-being.'" *In re Derzapf,* 219 S.W.3d 327, 333 (Tex. 2007) (quoting family code section 153.433(2), current section 153.433(a)(2)'s predecessor).

The legislature has set a high threshold for a grandparent to overcome the presumption that a parent acts in his or her child's best interest: the grandparent must prove that denial of access would "significantly impair" the child's physical health or emotional well-being. *See* Tex. Fam. Code Ann. § 153.433(a)(2); *Derzapf,* 219 S.W.3d at 334. This high threshold exists so that a court will refrain from interfering with child-rearing decisions made by a parent simply because the court believes that a "better decision" could have been made. *See Derzapf,* 219 S.W.3d at 334 (quoting *Troxel v. Granville,* 530 U.S. 57, 73, 120 S. Ct. 2054, 2064 (2000)).

In this case, the trial court abused its discretion by granting a temporary order for access to and possession of D.J.M. because McKnight failed to present any evidence to meet the statutory burden required to prove that she is entitled to

4

grandparent access rights. *See Derzapf,* 219 S.W.3d at 333*; see also In re Scheller*, No. 09-1072, 2010 WL 4371436, at *3 (Tex. Nov. 5, 2010) (orig. proceeding). We sustain Nickleberry's second issue. Based on this resolution, we need not address his first issue. *See* Tex. R. App. P. 47.1.

## Conclusion

Having determined that the trial court abused its discretion by granting McKnight's access and visitation with D.J.M., we order the trial court to vacate its October 7, 2010 oral temporary order granting McKnight access and visitation. Only if the trial court fails to comply with this court's order will we issue the writ. We grant Nickelberry's motion to strike and deny his motion for sanctions.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED: December 9, 2010