# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00427-CV

**In re Sayna C. Johnson**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Sayna C. Johnson filed a petition for writ of mandamus and motion for emergency stay seeking relief from the district court's temporary order dated June 8, 2012, in cause number 246,333-E, *In the Interest of S.L.J. and S.P.J.* *See* Tex. R. App. P. 52.1, 52.10(a). For the reasons that follow, we conditionally grant the writ.

This proceeding arose after real party in interest Janice Johnson, the grandmother of S.L.J. and S.P.J., the children affected by this case, filed a petition in intervention in the underlying divorce proceeding between relator and her now-deceased husband, seeking grandparent possession or access. After one prior continuance on Janice's motion, the parties appeared on May 31, 2012, for a hearing. Although the exact sequence of events is unclear, the hearing was not held, the parties were informed that relator's attorney, Bobby Dale Barina, needed to withdraw because of a conflict, and the hearing was reset by agreement for June 7, 2012. The following day, June 1, 2012, Barina filed a motion to withdraw. On June 5, 1012, relator obtained new counsel, Thomas Baker, who appeared on her behalf at the hearing on June 7, 2012. Relator did not attend the hearing because she was out of state on a trip with her children that had been planned since April.

At the hearing, Baker presented a motion to substitute counsel and a motion for continuance. In arguing the motion for continuance, Baker stated that he had been retained two days before the hearing and had learned after being retained that relator would not be available for the hearing. He further stated that although Barina apparently had not informed Janice's attorney, Christopher Cornish, about relator's travel plans, relator's attorney in a related matter involving the same parties had so informed him.

The trial court observed that this was the third setting and that "everybody was in court on May the 31st and agreed to this date." The trial court denied the motion for continuance and asked Baker if he wanted the motion for substitution granted or denied. Baker responded that he was unable to proceed without his client and wanted Barina to appear, and the trial court passed the motion and recessed the hearing so that Cornish could contact Barina. Upon resumption of the hearing, Cornish announced that he had spoken with Barina, who had "no opposition to" the trial court's granting his motion to withdraw. Without Baker, Barina, or relator present, the trial court proceeded to hear evidence and, on June 8, 2012, rendered a temporary order granting Janice possession and access to the children every Thursday evening and every Sunday afternoon.

Relator filed a petition for writ of mandamus seeking to vacate the trial court's temporary order on the grounds that the trial court abused its discretion by (1) allowing withdrawal of relator's counsel and refusing to continue the case with relator not present and unrepresented, and (2) granting Janice temporary possession and access by default when the evidence was insufficient to overcome the statutory presumption that a parent acts in the best interest of the child. *See* Tex. Fam. Code Ann. § 153.433 (West Supp. 2011). We granted relator's motion for emergency relief

by staying the district court's June 8, 2012, temporary order pending consideration of relator's petition and requested a response from Janice, which we have since received.

We may issue mandamus to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker*, 827 S.W.2d at 840. When there is a clear abuse of discretion in a temporary order in a suit affecting the parent-child relationship, mandamus may lie on the basis that there are no appellate remedies that are considered adequate. *See* Tex. Fam. Code Ann. § 105.001(e) (West 2008) ("Temporary orders rendered under this section are not subject to interlocutory appeal."). The supreme court has held that when a trial court abuses its discretion in granting grandparent temporary access over a parent's objection, mandamus relief is appropriate. *See In re Scheller*, 325 S.W.3d 640, 643–44, 646 (Tex. 2010) (orig. proceeding); *In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding); *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding). A trial court abuses its discretion in granting temporary access to grandchildren when a grandparent does not overcome the presumption contained in section 153.433 of the family code that a parent acts in his or her child's best interest. *See* Tex. Fam. Code Ann. § 153.433(a)(2); *see Scheller*, 325 S.W.3d at 644. To overcome the presumption, a grandparent must prove "by a preponderance of the evidence that denial of . . . access

3

to the child would significantly impair the child's physical health or emotional well-being." Tex. Fam. Code Ann. § 153.433 (a)(2).

In *In re Scheller*, the grandparents presented evidence of behaviors related to the grandchildren's mental and physical health—that they displayed anger and experienced instances of bed wetting and nightmares—and opinion testimony by witnesses to their interaction with the grandparents, their only maternal relatives, that denying access would impair their development. 335 S.W.3d at 643. The supreme court held that this evidence was insufficient to meet the burden set out in section 153.433. *Id.* Similarly, in *In re Derzapf*, a doctor testified that the children had "lingering sadness" from lack of contact with the grandparents, that they would benefit from renewed contact, and that it may be harmful for the parent to cut off the grandparents' access. 219 S.W.3d at 330, 333–34. The supreme court held that his testimony did not overcome the statutory presumption and did not support awarding the grandmother access over the father's objection. *Id.* at 334.

Here the only witnesses were Janice and a nurse who cared for relator's husband during his last illness. Janice testified that relator had not allowed her to see her grandchildren since her son's death, that she believes "something is wrong" with relator because "one minute she's okay and the next minute she just goes off," and that she believes it is harmful to keep the children away from their father's family. The nurse testified about her interactions with relator and her limited interactions with the children.[1] She stated that relator had sent text messages to her husband that

---

[1] The record contains evidence of only one instance in which the nurse met with or interacted with the children.

"made no sense" and that she believed there is "something mentally wrong with" relator. She also stated her opinion that it would be harmful to the children if they are continued to be denied access to their grandmother.

Janice did not satisfy her burden to be granted access. This evidence is not sufficient to satisfy the "hefty statutory burden" of section 153.433. *See In re Scheller*, 335 S.W.3d at 643. Here, there is no evidence about the children's physical health or emotional well-being. Janice's testimony consisted primarily of her assessments of relator's behavior and descriptions of instances of her interactions with her grandchildren. The mere opinion of Janice, as an interested, nonexpert witness that she should be granted access does not overcome the statutory presumption or support the court's interference with relator's rights as a parent. *See Svoboda v. Svoboda*, No. 03-09-00189-CV, 2009 Tex. App. LEXIS 7739, at *23 (Tex. App.—Austin Oct. 1, 2009, no pet.). Nor does the testimony of the nurse overcome the presumption. There was no evidence that she had observed the children with the grandmother or spent any time with the children, other than being present during one visit to see their dad in the hospital, and she offered no testimony regarding their behavior or physical and emotional health other than to state her opinion that it would be "harmful" to deny Janice access.

The legislature set a high threshold for a grandparent to overcome the presumption that a parents act in the best interest of his or her child by requiring that grandparent to prove that denial of access would "*significantly* impair" the child's physical health or emotional well-being. *See* Tex. Fam. Code Ann. § 153.433 (a)(2) (emphasis added); *In re Derzapf*, 219 S.W.3d at 334. On the record before us, we conclude that Janice has failed to satisfy her statutory burden. *See* Tex.

5

Fam. Code Ann. § 153.433 (a)(2); *In re Scheller*, 335 S.W.3d at 643; *In re Derzapf*, 219 S.W.3d at 334. We therefore conclude that the district court clearly abused its discretion by failing to apply the law correctly. *See* Tex. Fam. Code Ann. §153.433; *Walker*, 827 S.W.2d at 840. We conditionally grant mandamus relief and direct the trial court to vacate its temporary order of June 8, 2012, granting grandparent access.[2] The writ will issue only if the district court fails to take appropriate action in accordance with this opinion.

_____

Melissa Goodwin, Justice


Before Chief Justice Jones, Justices Rose and Goodwin

Filed: July 3, 2012

---

[2] Because this issue is dispositive, we do not reach relator's first issue. *See* Tex. R. App. P. 47.1.