**Affirmed and Opinion Filed November 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01474-CV

## IN THE INTEREST OF A.E.M., M.S.M., AND M.M., CHILDREN

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. FA-18-0614**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Father appeals from an order of the trial court granting the maternal grandparents of his children possession of and access to the children.[1] In a single issue, Father contends the trial court abused its discretion because Grandparents failed to rebut the presumption that Father was acting in the best interest of the children. *See* TEX. FAM. CODE ANN. § 153.433(a). Deferring to the trial court's resolution of disputed facts and exercise of its broad discretion, we conclude the trial court did not abuse its discretion by rendering the order. We affirm.

### BACKGROUND

This background is based on the evidence admitted at trial.[2] Mother and Father lived in

---

[1] We use pseudonyms to protect the privacy of the children. TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

[2] Grandparents' brief on appeal refers extensively to the affidavit filed in support of their original petition seeking sole managing conservatorship of the children. This pleading and affidavit were superseded by the second

California when their first child was born in 2011. Grandparents lived near Mother and Father and helped care for the child. Father's parents also lived in California. In 2012, Grandparents moved to Texas, but frequently visited Mother, Father, and their children in California. In February 2016, Mother, Father, and the children moved to Texas. They stayed with Grandparents while looking for a house. In May, they bought a house nearby and moved in. Grandparents supported the family while Mother and Father saved to buy the house. The children continued to visit Grandparents multiple times a week, sometimes staying overnight. The children each had a room of their own at Grandparents' house along with clothes, toys, and medications. Grandparents transported the children to school and attended school functions. Grandmother testified the children were extremely close to her and they formed a unique bond. Grandmother felt she assumed the role of a parent to the children.

Grandmother described both Mother and Father as alcoholics, but stated Father was in denial. Mother's friend, Melody, described Mother and Father's relationship as very tense and unhealthy. She testified that Mother and Father left the children with Grandparents when they went to a nudist colony. When Mother felt the situation at home was too tense, she would send the children to stay with Grandparents. Father's longtime friend, Brandon, who is also Grandmother's son-in-law, also testified that Father would frequently leave the children with Grandparents while he went to bars or nudist colonies. Father told Brandon that he argued with Mother often and he would snap at her when he drank. Father never said the incidents became physical.

Mother and Father went to marriage counseling in 2018 to deal with Mother's alcoholism and abandonment issues and their marital problems. Father felt that Grandmother's lack of

---

amended petition and supporting affidavit. Further, the affidavit was not admitted in evidence at trial. Documents not admitted in evidence at trial may not be considered on appeal as evidence supporting a judgment. *Barnard v. Barnard*, 133 S.W.3d 782, 789 (Tex. App.—Fort Worth 2004, pet. denied) ("As a general rule, documents not admitted into evidence are not considered by an appellate court"); *see also O'Donnell v. Vargo*, No. 05-14-00404-CV, 2015 WL 4722459, at *4 (Tex. App.—Dallas Aug. 10, 2015, no pet.) (mem. op.) (affidavit not admitted into evidence would not be considered on appeal from evidentiary hearing).

boundaries contributed to his marital problems with Mother. Their last session was about a month before Mother's death.

On March 30, 2018, Mother and Father left the children with Grandparents while they went to a nudist colony. They returned sometime Easter morning, April 1, 2018. Grandmother texted Mother about bringing the children over because they were excited about coloring Easter eggs. Grandmother took the children to Mother's house about 11:30 a.m. That was the last time Grandmother saw Mother. That afternoon, around 3:30 p.m., Father found Mother in the bathtub. After an autopsy, the coroner determined that Mother had a blood alcohol level of 0.37 and her death was due to accidental drowning. At the time of Mother's death, the children were seven, five, and three years old. The children stayed with Grandparents from Sunday until Tuesday, when Father's parents came to town. During this time, the oldest child told Grandmother they were going to live in California with their other grandparents.

On April 6, 2018, Grandparents filed this suit seeking sole managing conservatorship over the children. Grandparents obtained an ex parte temporary restraining order prohibiting Father from removing the children from Grayson County, ordering him to deliver the children to Grandparents, and denying him access to or possession of the children until further order of the court. The restraining order expired after a hearing on April 18, 2018. Soon thereafter, the children went to California to live with Father's parents while he prepared to sell the house in Texas. Grandmother later found out that Father had taken the oldest child out of school early. Father moved to California in July 2018.

In May, Grandparents amended their petition and sought only possession of and access to the children pursuant to the grandparent access statute. TEX. FAM. CODE ANN. § 153.433. This petition was supported by a new affidavit from Grandmother describing the close personal bond between Grandparents and the children and stating that denying Grandparents possession of or

access to the children would significantly impair their physical health or emotional well-being.

The case was tried to the court on July 20, 2018. The trial court signed an order granting grandparent access on October 2, 2018. The trial court found that the Grandparents overcame the presumption that Father acted in the best interest of the children and proved by a preponderance of the evidence that denial of possession of or access to the children would significantly impair the children's physical health or emotional well-being. The court established a possession order granting the Grandparents possession one weekend during the fall and the spring semester in the general vicinity of the children's residence, and a seven-day period during the summer at any location. In addition, the Grandparents were granted unrestricted phone, Skype, or FaceTime access with the children during the evening hours for a duration of forty-five minutes, and on birthdays and Christmas. The order also permits the Grandparents to send cards, letters, and gifts to the children.

## STANDARD OF REVIEW

We review a trial court's decision to grant a grandparent's request for access or possession for an abuse of discretion. *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007) (orig. proceeding) (per curiam). A trial court abuses its discretion if it grants access to grandchildren when the grandparent has not proven that denying the grandparent access to the child would significantly impair the child's physical health or emotional well-being. *In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010) (orig. proceeding) (per curiam) (quoting *Derzapf*, 219 S.W.3d at 333). This is so because "a trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled." *Derzapf*, 219 S.W.3d at 333 (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding)).

In family law cases, the abuse of discretion standard of review overlaps with traditional sufficiency standards of review. *See In re A.B.P.*, 291 S.W.3d 91, 95 (Tex. App.—Dallas 2009, no

–4–

pet.). As a result, legal and factual insufficiency are not independent grounds of reversible error, but instead are factors relevant to our assessment of whether the trial court abused its discretion. *Id.* To determine whether the trial court abused its discretion, we consider whether the trial court had sufficient evidence upon which to exercise its discretion and whether it erred in its exercise of that discretion. *Id.*

When, as here, findings of fact are neither properly requested nor filed, we imply all necessary findings of fact to support the trial court's order. *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.); *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.). However, when the appellate record includes the reporter's record, the trial court's implied findings may be challenged for legal and factual sufficiency. *W.C.B.*, 337 S.W.3d at 513. In a legal sufficiency review, we consider the evidence in the light most favorable to the court's order and indulge every reasonable inference that supports it. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *In re S.E.K.*, 294 S.W.3d 926, 930 (Tex. App.—Dallas 2009, pet. denied). When considering a challenge to the factual sufficiency of the evidence, we consider all the evidence and determine whether the evidence supporting the order is so weak or so against the overwhelming weight of the evidence that the order is clearly wrong and manifestly unjust. *See City of Keller*, 168 S.W.3d at 822. When the evidence is conflicting, we must presume that the fact-finder resolved the inconsistency in favor of the order if a reasonable person could do so. *See id.* at 821. The trial court does not abuse its discretion if some evidence of a substantial and probative character exists to support the trial court's decision. *S.E.K.*, 294 S.W.3d at 930. The trial court is in the best position to observe the witnesses and their demeanor, and we give the court great latitude when determining the best interest of a child. *Id.*

**APPLICABLE LAW**

The Legislature amended the grandparent access statute in 2005 in light of the plurality

decision in *Troxel v. Granville*, 530 U.S. 57 (2000). In *Troxel*, the Supreme Court held a Washington statute allowing "any person" to petition for visitation with children "at any time" was unconstitutional because it infringed on a parent's right to make decisions concerning the care, custody, and control of their children. *Id*. at 60 & 67 (reversing order allowing grandparent visitation). Family code section 153.433(a) now permits a court to order reasonable possession of or access to a grandchild by a grandparent if:

> (1) at the time the relief is requested, at least one biological or adoptive parent of the child has not had that parent's parental rights terminated;
>
> (2) the grandparent requesting possession of or access to the child overcomes the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being; and
>
> (3) the grandparent requesting possession of or access to the child is a parent of a parent of the child and that parent of the child:
>
>> (A) has been incarcerated in jail or prison during the three-month period preceding the filing of the petition;
>>
>> (B) has been found by a court to be incompetent;
>>
>> (C) is dead; or
>>
>> (D) does not have actual or court-ordered possession of or access to the child.

TEX. FAM. CODE ANN. § 153.433(a). "The Legislature set a high threshold for a grandparent to overcome the presumption that a fit parent acts in his children's best interest: the grandparent must prove [by a preponderance of the evidence] that denial of access would '*significantly impair*' the children's physical health or emotional well-being." *Derzapf*, 219 S.W.3d at 334 (citing TEX. FAM. CODE ANN. § 153.433(a)(2)).

## DISCUSSION

The parties agree the only element of section 153.433(a) at issue is the second, whether Grandparents overcame the presumption that a parent acts in the best interest of the child by

–6–

proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being. TEX. FAM. CODE ANN. § 153.433(a)(2). Father argues Grandparents failed to overcome the high threshold required by section 153.433. He contends Grandparents presented no evidence the children were suffering any impairment from the denial of access, much less significant impairment. Father testified the children were thriving, doing extremely well, and have shown no indications they required counseling or psychological treatment. They live in a 2400 square foot home with his parents, the oldest has her own room, the two boys share a bedroom, they are within walking distance of school, and the oldest will advance to second grade in the Fall. The children are not in any physical danger and are doing psychologically well. Father maintains the trial court abused its discretion because the supreme court in *Derzapf* and *Scheller* found that evidence stronger than the evidence Grandparents presented in this case failed to rebut the parental presumption.

In *Derzapf*, the children's maternal grandmother sought access to them after the mother died of leukemia. *Derzapf*, 219 S.W.3d at 328–29. A court-appointed psychologist opined that the children, who had suffered from depression after their mother's death, would benefit from contact with their grandparents and had "lingering sadness" about being cut off from them. *Id.* at 330. However, the psychologist also explained that the children's sadness had "not manifested as depression or behavioral problems or acting out" or risen "to a level of significant emotional impairment." *Id.* The supreme court held that the grandmother had not proved "that denial of access would '*significantly* impair' the children's physical health or emotional well-being" and thus did not meet the "high threshold" set to overcome "the presumption that a fit parent acts in his children's best interest." *Id.* at 333–34.

In *Scheller*, the grandparent failed to satisfy the statutory burden of section 153.433 even though he presented evidence of the children's behavior and circumstances influencing their

mental and physical health including: displays of anger; instances of isolated bed wetting and nightmares; witnesses opining that denial of access would impair the children's physical or emotional development; and the significant impact of the loss of maternal family members on the children. *Scheller*, 325 S.W.3d at 643. This evidence, however, was "not enough to satisfy [the grandparent's] hefty statutory burden, and we hold that the trial court abused its discretion in issuing a temporary order for access to and possession of the children." *Id*. at 643–44. Nothing in the record indicated anything more substantial than the children's understandable sadness over losing a family member and missing their grandparent. *Id*.

Father contends Grandparents presented evidence that was less compelling than in *Scheller*. He argues there was no evidence that the children displayed anger or other signs of impairment without access to Grandparents. Grandparents counter that in *Scheller*, the father took responsible, precautionary steps to ensure the children were able to cope with their grief, sent the child to counseling, and was willing to grant some access to the grandparent on certain conditions. *Scheller*, 325 S.W.3d at 643–44. Here, Father has not provided counseling for the children and intends to deny all access to Grandparents. Father also contends Grandparents failed to present psychological evidence as in *Derzapf*. While expert testimony was presented in *Derzapf*, the supreme court did not hold that such evidence is required to satisfy the statutory standard. *See Derzapf*, 219 S.W.3d at 333–34.

The leading cases that have overturned orders granting grandparent access have done so, at least in part, based on evidence the parent would not deny all access to the children by the grandparent. *See Troxel*, 530 U.S. at 60–61 (mother wanted to limit grandparent visits to once a month); *Scheller*, 325 S.W.3d at 643–44 (father willing to allow grandfather to see children on certain conditions); *Derzapf*, 219 S.W.3d at 331 n.6 (father indicated he would allow some access under his supervision, but not court-ordered access); *Mays-Hooper*, (grandparents failed to rebut

presumption where parent would allow some access, just not as much as grandparents desired); *In re J.M.T.*, 280 S.W.3d 490, 493 (Tex. App.—Eastland 2009, no pet.) (concluding denial of possession of or access to the child is "an express element in obtaining grandparent access" under section 153.433(a)). Here, Father was clear in his testimony that, absent a court order, he would not allow Grandparents to have access to or possession of the children.

Turning to the significant impairment question, we agree there is no evidence that denial of grandparent access would significantly impair the children's physical health. However, we conclude there is sufficient evidence that denying Grandparents all access to the children would significantly impair the children's emotional well-being. Grandmother testified that denying Grandparents all access to the children would not be in their best interest. Melody and Brandon testified they did not believe Father was acting in the best interest of the children by denying Grandparents visitation with the children. Grandmother testified about her grief over the death of her daughter and that the children lost their mother and their grandmother, lost their home, moved away with grandparents they rarely saw. Grandmother, "can only imagine the emotional trauma that they are experiencing at this moment."

In addition, there was evidence the trial court could have believed that Father drank heavily, was an alcoholic, and in denial about his alcoholism. Father confirmed his intent to continue to go to nudist resorts by himself. Father also testified he has not sought counseling after the death of Mother.

Father testified that the children were doing well. He explained he was grieving the loss of his wife, but the children did not seem affected. They talk about fond memories of Mother or remember things they did together, but they do not say they miss Mother, they are not crying or showing emotional turmoil. Father testified the children have not asked about Grandparents or asked to see or speak with them. Regarding whether denial of grandparent access would impair

the children's health or emotional well-being, Father testified the children were healthy, thriving, and doing well emotionally. However, the trial court, as the sole judge of the credibility of the witnesses, could reasonably have disbelieved this evidence and we must give substantial deference to the trial court's determination of the weight and credibility of the evidence. *Reisler v. Reisler*, 439 S.W.3d 615, 619–20 (Tex. App.—Dallas 2014, no pet.).

On this record, we cannot say the trial court abused its discretion by finding that Grandparents overcame the parental presumption by a preponderance of the evidence that denial of access would significantly impair the children's physical health or emotional well-being.

CONCLUSION

We conclude under the facts presented in this case and the applicable law that the trial court did not abuse its discretion in ordering grandparent possession of and access to the children under family code section 153.433(a). We affirm the trial court's order.

/Erin A. Nowell/

ERIN A. NOWELL
JUSTICE

181474F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF A.E.M., M.S.M., AND M.M., CHILDREN

No. 05-18-01474-CV

On Appeal from the 59th Judicial District Court, Grayson County, Texas
Trial Court Cause No. FA-18-0614.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne participating.

In accordance with this Court's opinion of this date, the trial court's October 2, 2018 order granting grandparent possession and access is **AFFIRMED**.

It is **ORDERED** that appellees Elaine T. Albritton and Steven N. Albritton recover their costs of this appeal from appellant Mark McAndrews.

Judgment entered this 13th day of November, 2019.