

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00216-CV

## IN RE LAINA HUFF

### Original Proceeding

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. D2118703**

## MEMORANDUM OPINION

Laina, the mother of L.H., asks this Court to compel the judge of the County Court at Law of Walker County, to set aside an order entitled "Modified Temporary Orders" and to render an order dismissing the petition in intervention filed by the paternal grandparents of her child, L.H. Laina complains that the trial court abused its discretion by naming the intervenors possessory conservators of L.H., awarding them possession and access to L.H., and by failing to strike the petition in intervention because the intervenors failed to overcome the fit-parent presumption, failed to plead or prove a substantial impairment to L.H., and by failing to strike the petition because an affidavit

was not attached to their petition in intervention. We conditionally grant the petition.[1]

L.H. is the child of Laina and Andrew. Temporary orders had been rendered by the trial court in June of 2022, in which Laina was named the joint managing conservator with the right to establish the domicile of L.H. and restricted Andrew's possession and access to L.H. to visits supervised by his parents (intervenors herein) after a negative hair drug test due to Andrew's drug use and behavioral issues. Due to Andrew's drug use and mental instability, Laina had relocated her home several times to try to hide from him. Before the first supervised visit took place, Andrew discovered Laina's address. Laina and L.H. had been seen by Andrew's mother, Elizabeth, shortly before Andrew found them, and Laina believed that Elizabeth had told Andrew where Elizabeth had seen them.

Andrew first drove by Laina's home, which was in a cul-de-sac, several times and then stopped in the driveway of the home, got out of the vehicle, and shot the vehicle, which was a rental car, in the driveway of Laina's home with what she believed was an AR-15 styled rifle. Laina, her boyfriend, L.H., and Laina's 9-year-old son were in the residence at the time. The children hid in a closet in the house which Laina's boyfriend guarded. Andrew was arrested but was released almost immediately through an attorney bond posted by a defense attorney hired by Andrew's father, intervenor David,

---

[1] We requested a response from the real parties in interest as required by Rule 52.4 of the Rules of Appellate Procedure; however, no response was filed.

and with David's knowledge. Laina had texted Elizabeth to ask her not to bail him out because she was afraid for her safety and that of her children.

After the shooting, Elizabeth texted Laina to request visitation without informing Laina that Andrew had been released. Laina refused to allow the visit due to Andrew's incarceration. No further visitation took place.

The intervenors filed a petition in intervention in the divorce proceedings on August 15, 2022. The petition alleges that the intervenors, as the paternal grandparents of L.H., have standing to be named joint managing conservators with the right to establish the domicile of L.H. because "[t]he appointment of the parents of the child as managing conservators would not be in the best interest of the child because the parents' present circumstances would significantly impair the child's physical health or emotional development." *See* TEX. FAM. CODE § 102.004(a)(1). The petition also requested that the intervenors be given possession and access "because the denial of possession of or access to the child by David Cole and Elizabeth Cole would significantly impair the child's physical health or emotional well-being as further detailed in the affidavit attached to this Petition." *See* TEX. FAM. CODE §102.004(b), (c). No affidavit was attached to the petition in intervention as required by Section 153.432(c). TEX. FAM. CODE §153.432(c).

A hearing was held to modify the June 2022 temporary orders on May 1, 2023. Laina objected both in writing and orally to the trial court's consideration of the request for possession and access due to the failure of the intervenors to attach an affidavit to

their pleading. The trial court overruled Laina's objections and conducted the hearing, after which she named the intervenors as possessory conservators of L.H. and awarded them possession and access to the child, finding that they had standing pursuant to Section 102.004(a)(1). The trial court also discharged the amicus attorney for the child who had been involved in the prior temporary orders, although no party requested her removal. There are no specific findings in the order relating to significant impairment or the parental presumption.

## STANDING UNDER THE FAMILY CODE

In order for a grandparent to have standing to intervene in a proceeding involving the parent-child relationship pursuant to Section 102.004(a)(1), evidence must be presented by the grandparent to show that "the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." TEX. FAM. CODE § 102.004(a)(1). For the trial court to grant possession and access to a grandparent pursuant to Section 153.433, a grandparent must present evidence to show that "the grandparent requesting possession and access to the child overcomes the presumption that a parent acts in the best interest of the parent's child by proving by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being." TEX. FAM. CODE § 153.433(a)(2).

The trial court's order only granted possession and access to the intervenors. The

trial court's order erroneously states that the sole basis upon which the intervenors have standing is pursuant to Section 102.004(a)(1), which does not apply to proceedings seeking possession and access to a child. *See* TEX. FAM. CODE § 102.004(a)(1). Because the trial court only granted the intervenors possession and access, mandamus relief is appropriate due to the trial court's failure to deny the relief sought by the intervenors and to dismiss the portion of the suit requesting possession and access solely due to the failure to attach the required affidavit to the intervenor's pleadings, which is mandatory pursuant to Section 153.432(c). TEX. FAM. CODE § 153.432(c). However, because the trial court did conduct a hearing in contravention of the statute, and to avoid further litigation when the question of standing can be finally resolved, we also address whether or not it was an abuse of discretion for the trial court to find that the intervenors overcame the fit-parent presumption and that denial of their possession of or access to the child would significantly impair the child's physical health or emotional development.

"When a nonparent requests conservatorship or possession of a child, the child's best interest is embedded with the presumption that it is the fit parent—not a court—who makes the determination whether to allow that request." *In re C.J.C.*, 603 S.W.3d 804, 820 (Tex. 2020) (orig. proceeding). The government may not "infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a 'better decision' could be made." *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007) (orig. proceeding) (per curiam) (*quoting Troxel v. Granville*, 530 U.S. 57, 72-73, 120 S. Ct. 2054,

147 L. Ed. 2d 49 (2000) (plurality op.). "[S]o long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family." *In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006) (orig. proceeding) (per curiam) (*quoting Troxel*, 530 U.S. at 68). Thus, evidence that a "nonparent would be a better custodian of the child" is not adequate to meet the statutory burden. *Lewelling v. Lewelling*, 796 S.W.2d 164, 167 (Tex. 1990); *see In re B.B.M.*, 291 S.W.3d 463, 467 (Tex. App.—Dallas 2009, pet. denied).

The Texas Supreme Court has described a nonparent's statutory burden of overcoming the fit parent presumption as "hefty." *In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010) (per curiam). To overcome the fit-parent presumption and establish standing, a nonparent must present evidence of "specific, identifiable behavior or conduct" that will probably result in significant impairment to the child's physical health or emotional well-being. *Rolle v. Hardy*, 527 S.W.3d 405, 420 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

The basis for the intervenor's request for custody was solely related to Laina's occupation. While Laina and Andrew were still together, Laina started supplementing the family's income by starting an OnlyFans page, on which she posted sexually explicit photos and short videos that were provided to subscribers for a monthly access fee. Andrew knew of Laina's page and participated to a limited degree. No other males were included in her content. After Laina and Andrew separated, Laina increased the content published on the site and was generating income of approximately $10,000 per month.

On the OnlyFans site, Laina was listed by an alias and no identifying information as to her location were included on the site. No one had ever discovered her identity or location. Laina testified that she only photographed or filmed the content inside her residence once or twice a month and only at times when her children were not present, and this testimony was not controverted.

Prior to this, Laina had a job making approximately $15 per hour and did not have the present ability to earn a larger income. Andrew had not paid any child support to Laina, so she was the sole provider for L.H. She had been forced to move three times in efforts to get away from Andrew and his dangerous behavior.

The intervenors each testified that they had no specific evidence of significant impairment to L.H. However, they believed that Laina's method of earning money would subject L.H. to ridicule by boys and their fathers if Laina's identity was discovered in the future, which might be harmful to L.H. The only testimony was that of the intervenors and they had not visited with L.H. in some time prior to the hearing. Thus, they testified that they had no knowledge of L.H.'s current condition physically or emotionally and did not testify that the lack of visitation with them was harmful to L.H.

Laina testified that L.H. was thriving in a new school and had made significant improvements since being away from Andrew. L.H. was doing well at school and involved in activities outside of school. The amicus attorney argued that there was no basis upon which to allow the intervention based on her involvement with the family.

Caselaw presented to the trial court by the intervenors as to what constitutes "significant impairment" sufficient to overcome the fit-parent presumption sets forth the general proposition that:

> To overcome the fit-parent presumption and establish standing, a nonparent must present evidence of specific, identifiable behavior or conduct that will probably result in significant impairment to the child's physical health or emotional well-being. Such identifiable behavior or conduct may include physical abuse, severe neglect, abandonment, drug or alcohol abuse, or immoral behavior on the part of the parent.

*In re J.O.L.*, 668 S.W.3d 160, 167 (Tex. App.—San Antonio 2023, pet. filed) (*quoting In re D.D.L.*, No. 13-22-00062-CV, 2022 Tex. App. LEXIS 6324, 2022 WL 3652496, at *4 (Tex. App.—Corpus Christi—Edinburg Aug. 25, 2022, no pet.) (mem. op.) (*citing Rolle v. Hardy*, 527 S.W.3d 405, 420 (Tex. App.—Houston [1st Dist.] 2017, no pet.)); *see also In re C.R.T.*, 61 S.W.3d 62 (Tex. App.—Amarillo 2001, pet. denied). However, the intervenors did not cite, nor have we found, any authority that supports the proposition that, standing alone, the intervenor's opinion of Laina's "immoral behavior" is sufficient to overcome the fit-parent presumption or to constitute sufficient evidence of significant impairment.

The evidence in this proceeding is most similar to the evidence described in *In re D.R.T.*, No. 11-12-00059-CV, 2014 Tex. App. LEXIS 2350, 2014 WL 887342 (Tex. App.—Eastland Feb. 28, 2014, no pet.), in which the parents were both involved in internet pornography, which the court of appeals categorized as "negative morality." In that proceeding, the parents had both been involved in posting videos of pornographic content online. There was also evidence of both parents engaging in drug use and

domestic violence by the father against the mother. The paternal grandparents had sought to intervene, but their intervention was dismissed for lack of standing, and the court of appeals held that:

> To support their argument that [Father and Mother's] involvement with internet pornography will substantially impair D.R.T., Appellants offered no proof of harm to the child, other than the pornographic images themselves. Appellants contend that D.R.T. will be negatively affected by the future discovery of the pornography made by her parents. This argument is flawed for two reasons. First, a parent will not be denied child custody based on evidence that merely raises a surmise or speculation of possible harm, and Appellants' claim is based on a purely hypothetical situation. *See Whitworth* [*v. Whitworth*, 222 S.W.3d 616, 623 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Second, the fact that D.R.T. may one day come across internet pornography produced by her parents bears no relationship to the determination of whether the child would be substantially impaired by being placed in the custody of either or both of her parents.
>
> In addition, there was no evidence that D.R.T. was involved in or exposed to any internet pornography, and no one testified that [Father and Mother's] care of D.R.T. was negatively affected by their participation in internet pornography. Appellants have failed to show how D.R.T. would be substantially impaired by either parent's past or present participation in internet pornography.

*In re D.R.T.*, 2014 Tex. App. LEXIS at *13.

Likewise, in this proceeding, there was no evidence presented by the intervenors that would rise to more than a hypothetical speculation as to future harm in the event that Laina's identity were discovered at some unknown time in the future. Thus, the evidence presented by the intervenors in this proceeding was not sufficient to overcome the fit-parent presumption or to show that Laina's conduct "will probably result in

significant impairment to the child's physical health or emotional well-being," and therefore, the trial court abused its discretion by denying Laina's motion to strike and/or dismiss the petition in intervention for lack of standing.

Because we have concluded that the trial court abused its discretion in failing to dismiss the petition in intervention filed by the intervenors on August 15, 2022, and by entering temporary orders granting the intervenors possession and access to L.H., we conditionally grant Laina's requested relief and direct the trial court to vacate its temporary orders signed on June 21, 2023 and to render an order dismissing the petition in intervention and deliver that order to the trial court clerk for distribution to the parties and the filing of a supplemental clerk's record with this Court within fourteen days of this opinion. The writ will issue only in the unlikely event that the trial court does not act in accordance with this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson,* and
    Justice Smith
(*Justice Johnson concurs in only the conditional grant of the writ)
Conditionally granted
Opinion delivered and filed October 26, 2023
[OT06]

