

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | | No. 08-18-00024-CV |
| | § | |
| IN RE: J.M.G., | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |
| | | |
| | § | |

## **O P I N I O N**

The underlying case involves a suit by a grandparent, M.G., for possession or access to the grandchild. Relator, J.M.G., has filed a mandamus petition against the Honorable Mike Herrera, Judge of the 383rd District Court of El Paso County, Texas, to challenge his order denying Relator's plea to the jurisdiction. We conditionally grant mandamus relief.

### *Factual Summary*

Relator and F.J.G., Jr. (Father) are the parents of two children, I.A.G., and F.A.G. Father is in jail awaiting trial on charges of indecency with one of his children by sexual contact. M.G. is the paternal grandmother of the children. On September 27, 2017, Grandmother filed a petition to modify requesting grandparent access and possession pursuant to Texas Family Code §153.432(c). The petition to modify was not supported by affidavit as required by the Family Code. *See* TEX.FAM.CODE ANN. §153.432(c) (West 2014). The associate judge denied Grandmother's petition to modify, and Grandmother requested a *de novo* hearing.

Relator filed a plea to the jurisdiction seeking dismissal of the petition to modify because

Grandmother had not attached the required affidavit. In response to the plea, Grandmother filed an amended petition which included an affidavit alleging that denying her possession of and access to the children "would significantly impair the children's physical health and emotional well being…."

At the beginning of the *de novo* hearing, Relator argued that the suit should be dismissed because the allegations in Grandmother's affidavit, even if true, were not sufficient to establish standing to seeking possession or access. Grandmother argued that Relator had waived this complaint because the plea to the jurisdiction was limited to a complaint that no affidavit had been filed at all, and Relator was required to amend her plea to the jurisdiction in order to challenge the sufficiency of the affidavit. Relator responded that she was not required to amend the plea because it encompassed a complaint that Grandmother had failed to file an affidavit which made the necessary statutory showing. The trial court denied the plea to the jurisdiction and proceeded to hear the merits of Grandmother's petition to modify.

Grandmother testified consistently with her affidavit, stating that her son lived with her from 2009 to June 2016 and she had access to the children during his periods of standard visitation, namely, every other weekend, spring break, thirty days in the summer, and holidays. Grandmother picked up the children from school during the periods of visitation and she returned them to Relator at the conclusion of visitation. She described her relationship with the children as "very good". Since Father has been in jail, Relator has not allowed Grandmother access to the children, but the children have contacted her by telephone and text.

Relator testified that the children had a close relationship with Grandmother, but she stopped allowing Grandmother to have contact with the children after her daughter made an outcry that she was sexually assaulted by Father and his brother at Grandmother's home. Relator

explained that she did not believe her children would be safe because Grandmother did not believe the child's sexual abuse allegations and she was asking Relator to drop the charges. Relator also testified that Grandmother never asked her how the children were doing and her only concern was the criminal cases against her sons.

At the conclusion of the hearing, the trial court stated it would consider allowing Grandmother to have supervised visitation with the children, but only if the children wanted to see her. The court set the case for a conference with the children for March 9, 2018. On February 14, 2018, the trial court signed an order denying the plea to the jurisdiction.

Relator filed a mandamus petition to challenge the order denying her plea to the jurisdiction. We granted Relator's motion to stay proceedings in the trial court pending our review of the mandamus petition.

## GRANDPARENT ACCESS

In her sole issue, Relator contends that the trial court was required to dismiss Grandmother's suit for lack of standing because the facts alleged in Grandmother's affidavit, even if true, do not demonstrate that a denial of access or possession would significantly impair the children's physical health or emotional well-being as required by Section 153.432(c) of the Family Code. Alternatively, Relator argues that, even if the trial court was authorized to conduct the hearing on the merits, the evidence presented did not show significant impairment of the children's physical health or emotional well-being, and therefore, the trial court should have dismissed the suit rather than setting the matter for a conference with the children.

### *Mandamus Standard*

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by

appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011)(orig. proceeding); *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135-36 (Tex. 2004)(orig. proceeding). The burden is on relator to show it is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)(orig. proceeding). Mandamus relief is available if a trial court grants a grandparent's request for temporary access to grandchildren where the grandparent fails to prove by a preponderance of the evidence that denial of possession of or access to the child would significantly impair the child's physical health or emotional well-being. *See In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010); *In re Derzapf*, 219 S.W.3d 327, 335 (Tex. 2007).

*Standing -- General Principles*

We begin by addressing the first argument which pertains to Grandmother's standing to file suit seeking access or possession. A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of a cause of action. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see Texas Department of Transportation v. Jones*, 8 S.W.3d 636, 637-38 (Tex. 1999).

Standing is a component of subject-matter jurisdiction. *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 443 (Tex. 1993); *In re H.R.L.*, 458 S.W.3d 23, 28 (Tex.App.--El Paso 2014, orig. proceeding). Whether a court has subject-matter jurisdiction is an issue of law which must be reviewed *de novo*. *Texas Department of Transportation v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). A party's lack of standing deprives the trial court of subject-matter jurisdiction and renders any action of the trial court void. *In re H.R.L.*, 458 S.W.3d at 29. Subject-matter jurisdiction is never presumed and cannot be waived. *Texas Association of Business*, 852 S.W.2d at 443-44. Consequently, it can be raised for the first time

on appeal. *Id.* at 445.

*Standing Required for Grandparent Access Suit*

The relationship between parent and child is constitutionally protected, and parents have a fundamental right to make decisions concerning the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65-66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000). There is a presumption that a fit parent acts in the best interest of her children. *Troxel*, 530 U.S. at 68, 120 S.Ct. at 2061; *see In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007). "[S]o long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." *Troxel*, 530 U.S. at 68-69, 120 S.Ct. at 2061; *see In re Mays-Hooper*, 189 S.W.3d 777, 778 (Tex. 2006). Thus, the Supreme Court held in *Troxel* that a trial court's order for grandparent access unconstitutionally infringed on the parent's fundamental liberty interest where there was no evidence that the parent was unfit, that the children's health and well-being would suffer, or that the parent intended to exclude grandparent access entirely. *Troxel*, 530 U.S. at 68-75, 120 S.Ct. at 2060-65.

Consistent with *Troxel*, Section 153.433 of the Texas Family Code now requires that a grandparent seeking court-ordered possession or access overcome the presumption that a parent acts in his or her child's best interest by proving by a preponderance of the evidence that denial of access to the child would significantly impair the child's physical health or emotional well-being. *See* TEX.FAM.CODE ANN. §153.433(a)(2) (West 2014); *In re Derzapf*, 219 S.W.3d at 333. This requirement exists to prevent a court from interfering with child-rearing decisions made by a parent simply because the court believes that a "better decision" could have been made. *See In re J.P.C.*, 261 S.W.3d 334, 337 (Tex.App.--Fort Worth 2008, no pet.) (*quoting Troxel*, 530 U.S. at 73, 120

S.Ct. at 2064). Under the statute, a trial court must presume that a fit parent acts in his or her child's best interest, and the court abuses its discretion if it grants access to a grandparent who has not met this standard. *Derzapf*, 219 S.W.3d at 333.

This same requirement is included in Section 153.432(c) which establishes the requirements for a grandparent to have standing to file a suit for access or possession. The statute provides that:

> In a suit described by Subsection (a), the person filing the suit must execute and attach an affidavit on knowledge or belief that contains, *along with supporting facts*, the allegation that denial of possession of or access to the child by the petitioner would significantly impair the child's physical health or emotional well-being. *The court shall deny the relief sought and dismiss the suit unless the court determines that the facts stated in the affidavit, if true, would be sufficient to support the relief authorized under Section 153.433*.

TEX.FAM.CODE ANN. §153.432(c) (emphasis supplied).

Thus, the trial court is required to make a preliminary determination regarding standing.

### *Standing not Subject to Waiver*

Grandmother argued in the trial court and now in this original proceeding that Relator did not amend her plea to the jurisdiction to challenge the sufficiency of Grandmother's affidavit. Implicit in this argument is the notion that Relator waived her complaint. It is well-established that jurisdiction is never presumed and cannot be waived. *Texas Association of Business*, 852 S.W.2d at 443-44. Given that Relator is permitted to raise a standing argument for the first time on appeal, she certainly can raise it for the first time at the hearing on her plea to the jurisdiction. To the extent the trial court denied the plea to the jurisdiction or disregarded Relator's complaint regarding the sufficiency of the affidavit based on a finding of waiver, it clearly abused its discretion.

### *Grandmother's Affidavit Insufficient to Establish Standing*

The next issue is whether Grandmother's affidavit was sufficient to establish standing under Section 153.432(c) by containing an allegation, supported by facts, that denial of possession of or access to the child by Grandmother would significantly impair the child's physical health or emotional well-being. This has been described as a high threshold burden. *See In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010); *In re Derzapf*, 219 S.W.3d at 335.

Grandmother's affidavit stated as follows:

Based on the following facts, I allege that denial of possession of or access to I.A.G. and F.A.G. by [Grandmother] would significantly impair the children's physical health or emotional well-being based on the following:

I am the paternal grandmother of the children, I.A.G. and F.A.G., who are currently ages 15 years old and 13 years old.

Since my grandchildren, I.A.G. and F.A.G., were born they have had a close relationship with me and seen me often. From 2009 to June of 2016, my son and the children's father, [Father] resided with me and my grandchildren were with me during the their Father's Standard Possession as follows: Every-over [sic] weekend, 30 days every summer, spring break and holidays.

Over the years, I attended many school activities and events for my grandchildren. Additionally, my grandchild used to attend church with me at Del Sol.

My son has been incarcerated in jail since of June of 2016, my grandchildren have been contacting me by telephone/text and they tell me how much they miss me and want to have visitation with me. Additionally, my grandchildren want to visit my mother and the children's great-grandmother who is currently in [sic] 88 years old and has serious health problems with her heart. My grandchildren [sic] emotional well-being is impaired without visiting them.

Based on above, the denial of me having possession of or access to my grandchildren I.A.G. would significantly impair the children's physical health or emotional well-being.

In summary, Grandmother asserted that she had a close relationship with the children and saw them often from 2009 to June 2016, she attended many school activities and other events, and the children have told her that they miss her and want to have visitation with her. Assuming these

facts are true, the affidavit nevertheless fails to rebut the presumption that Relator is acting in the children's best interest because it does not support a conclusion that denial of access or possession by Grandmother would *significantly impair* the children's physical health or emotional well-being. In fact, the affidavit does not allege any facts pertaining either directly or indirectly to the grandchildren's physical or emotional well-being and there is nothing to show that the children are suffering any impairment much less significant impairment. The trial court clearly abused its discretion by failing to dismiss Grandmother's suit for lack of jurisdiction and proceeding to hear the petition on the merits. *See In re Scheller*, 325 S.W.3d at 643-44 (maternal grandfather failed to establish that denial of access to his grandchildren would significantly impair grandchildren's physical health or emotional well-being; evidence that grandchildren experienced anger and nightmares following their mother's death did not establish anything more substantial than grandchildren's understandable sadness resulting from losing a family member and missing their grandparents). We sustain Relator's sole issue and conditionally grant mandamus relief. The trial court is directed to vacate the order denying Relator's plea to the jurisdiction and to dismiss Grandmother's suit for possession or access. The writ of mandamus will issue only if the trial court fails to act in accordance with our opinion and judgment.

GINA M. PALAFOX, Justice

June 13, 2018

Before McClure, C.J., Rodriguez, and Palafox, JJ.