

**IN THE
TENTH COURT OF APPEALS**

**No. 10-20-00336-CV**

**IN THE INTEREST OF
A.W. A/K/A A.R.W., A CHILD**

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV19362**

## O P I N I O N

In one issue, Appellant (Mother) appeals the termination of her parental rights to A.W., a/k/a A.R.W. Mother asserts that the trial court's order of termination is void because the trial on the merits occurred after the trial court lost jurisdiction when it failed to make the mandatory findings in its order granting an extension of the trial and dismissal dates. Appellee the Department of Family and Protective Services (the Department) concedes that the trial court erred.

The Department filed its Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship on November 26, 2019. The Department was named A.W.'s temporary managing

conservator the same day. The dismissal deadline was November 25, 2020,[1] and the final hearing was scheduled for November 17, 2020. A.W.'s grandmother (Grandmother) filed a Petition in Intervention in Suit Affecting the Parent-Child Relationship on July 8, 2020, requesting that she be named sole managing conservator. The parties entered into an Agreed Order on July 22, 2020 to sever the matter regarding an older child. The older child and his father, who was not the father of A.W., died in an automobile accident while this case was pending.

On November 23, 2020, the Department filed a Motion to Extend Time for Hearing Pursuant to Family Code § 84.002.[2] The Department based its motion on the COVID pandemic as an extraordinary circumstance and requested the court to extend the dismissal deadline to December 30, 2020. On the same day, without an evidentiary hearing or without a response from any other party, the court entered an order that granted the Department's motion. The order, in its entirety, notes:

> On November 23, 2020, the Court considered the Respondent's Motion for Extension, and after reviewing the evidence and hearing the arguments, the Court finds that the Motion should be GRANTED. The case shall be extended until December 30, 2020.
>
> IT IS THEREFORE ORDERED, the Court determines that this suit shall be extended with a Dismissal date of December 30, 2020 in the County Court at Law in Bosque County, Texas. Final Hearing set December 15, 2020 @ 9:00 (via Zoom).

---

[1] Mother asserts that the proper dismissal date was December 14, 2020. The trial court continued the trial until December 15, 2020, a date that is beyond the final hearing date as calculated by either Mother or the Department.

[2] Although the Department's motion references § 84.002 in the title, which applies to hearings for protective orders, the body of the motion specifically requests an extension of the Final Hearing date.

After the final hearing, the court signed the final order of termination terminating the parental rights of Mother and A.W.'s father. The order additionally appointed the Department as A.W.'s permanent managing conservator and appointed Grandmother as A.W.'s possessory managing conservator.

Because this termination suit was filed after September 1, 2017, the current version of § 263.401 of the Texas Family Code applies to this case. TEX. FAM. CODE ANN. § 263.401; *see also In re A.M.*, No. 07-19-00391-CV, 2020 WL 1174579, at *1 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op.). In a termination case brought by the Department, if the trial court fails to commence the trial before the statutory deadline, "the court's jurisdiction over the suit . . . is terminated and the suit is automatically dismissed without a court order." TEX. FAM. CODE ANN. § 263.401(a); *see also In re K.S.*, No. 13-19-00416-CV, 2021 WL 317656, at *3 n.4 (Tex. App.—Corpus Christi Jan. 28, 2021, no pet.) (mem. op.). The 2017 amendments clarify that the court's failure to commence trial on the merits before the dismissal date, or to grant a continuance in compliance with § 263.401(b) or (b-1), is jurisdictional, meaning that any action taken by the trial court after the deadline date is void. *See* § 263.401(a) ("Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1) . . . the court's jurisdiction over the suit affecting the parent-child relationship filed by the department . . . is automatically dismissed without a court order."). "Jurisdiction may be raised for the first time on appeal by the parties or by the appellate court. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex. App.— Waco 2002, no pet.)." *Astin Redevelopment Grp., LLC v. Citgo Petroleum Corp.*, No. 10-14-

00023-CV, 2014 WL 7232573, at *1 (Tex. App.—Waco Dec. 18, 2014, pet. dism'd) (mem. op.). *See also American K-9 Detection Services, LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018) ("Subject matter jurisdiction is an issue that may be raised for the first time on appeal[.]"); *In re J.M.G.*, 553 S.W.3d 137, 141 (Tex. App.—El Paso 2018, orig. proceeding) ("Subject-matter jurisdiction is never presumed and cannot be waived. . . . Consequently, it can be raised for the first time on appeal.").

In order to continue the trial past the mandatory dismissal date, the trial court must find "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b). "The court cannot just enter an extension order . . . the court must make specific findings to support the extension order." *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 643 (Tex. 2009) (orig. proceeding); *see also A.M.*, 2020 WL 1174579, at *3; *In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *9-10 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). *In re Dep't of Family & Protective Servs.* deals with a pre-2017 version of § 263.401; however, the 2017 amendments did not change the requirements of § 263.401(b) or (b-1) other than to add the word "automatically" before the word "dismissed" in (b)(1) and (b-1)(1).

The trial court's order granting an extension does not include the findings required by § 263.401(b). In fact, the order contains nothing to indicate the basis for extending the final hearing and dismissal dates. Oral findings may be sufficient; however, no evidentiary hearing was held on the Department's motion, and the record does not reflect

any oral findings by the trial court. Even assuming an implied finding of "extraordinary circumstances" could be based upon the contents of the Department's motion, there was nothing in that motion or in the record to reflect that an extension was in the best interests of A.W.

The requirements of § 263.401(b) are still applicable even if the deadlines are extended as a result of the COVID pandemic, which is the Department's only basis for requesting an extension. The Twenty-Ninth Emergency Order entered by the Supreme Court in response to the COVID pandemic states that if a case has not yet entered an extension order pursuant to § 263.401, then an extension order entered under COVID provisions must still adhere to the requirements of § 263.401. *See Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 20-9135, ¶3.b. (Tex. Nov. 11, 2020).[3] While the Department's motion makes reference to COVID, the trial court's order does not. Because the court's order does not meet the requirements of § 263.401(b), the court's jurisdiction ended on December 14, 2020. The order of termination entered on December 15, 2020 is, therefore, void. *See A.F.*, 2019 WL 4735150, at \*10 (order entered after trial court loses jurisdiction is void).

Although the deadlines outlined in the Family Code are jurisdictional in cases brought by the Department, the same is not true for cases initiated by private parties or for individuals who have intervened in a suit brought by the Department and seek affirmative relief. *See In re D.D.M.*, 116 S.W.3d 224, 231-32 (Tex. App.—Tyler 2003, no

---

[3] *See* https://www.txcourts.gov/media/1450050/209135.pdf.

pet.); *see also In re Fletcher*, No. 11-17-00045-CV, 2017 WL 962682, at *2 (Tex. App.—Eastland Mar. 9, 2017, orig. proceeding) (mem. op.).  Therefore, the dismissal of the Department's suit does not affect Grandmother's affirmative claims for relief and does nothing to affect Grandmother's possession of A.W.  *Id.*

In light of the foregoing, Mother's sole issue is sustained.  We affirm the portion of the trial court's judgment appointing Grandmother possessory conservator of A.W., and we reverse that portion of the trial court's judgment that terminated Mother's parental rights and remand that portion of the cause for further proceedings consistent with this opinion.  *See* TEX. R. APP. P. 43.2(d).


MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
    (Chief Justice Gray dissenting with opinion)
Affirmed in part, reversed in part, and remanded
Opinion delivered and filed April 14, 2021
[CV06]

