

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00338-CV

**IN THE INTEREST OF A.K.B.**, a Child

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 23-230
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:  H. Todd McCray, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: May 20, 2026

AFFIRMED

This is an appeal from the dismissal of a suit in which maternal grandparents seek court-ordered possession and access to their grandchild pursuant to Texas Family Code § 153.432-433. The trial court granted Father's motion to dismiss after determining that Grandparents' affidavits failed to assert sufficient factual allegations to satisfy statutory standing requirements. We affirm.

## BACKGROUND

This appeal arises from a suit for grandparent access filed by the maternal grandparents of A.K.B.,[1] a minor child. The appellee is the child's biological father. The litigation stems from

---

[1] To protect the privacy of the minor child, we refer to him by his initials and to family members by their relationship to the child. *See* TEX. FAM. CODE § 109.002(d).

Grandparents' efforts to obtain court-ordered access to their grandson following the untimely death of the child's mother.

A.K.B.'s mother passed away in 2016, when A.K.B. was three years old. Following her death, Father and A.K.B. lived with Grandparents for a period of time. During that period, and in the years that followed, Grandparents allege they played a substantial role in A.K.B.'s upbringing.

According to Grandparents' affidavits, they assisted with daily caregiving responsibilities, including transporting A.K.B. to school, attending medical appointments, arranging therapy, and supporting his educational and extracurricular activities. They assert that their involvement increased after their daughter's death and continued for several years. They further contend that A.K.B. spent significant amounts of time in their care, particularly during the COVID-19 pandemic, when they supervised his schooling and daily routines.

Grandparents' affidavits describe concerns about A.K.B.'s well-being when in his father's care. They allege that Father has struggled with mental health issues, including a period of hospitalization following suicidal ideation. They further recount instances in which Father administered corporal punishment in the form of flicking A.K.B.'s face and ears with his fingers. They allege that they have seen Father purposely trip A.K.B. and that he has called him names. Thay are also concerned that Father has stopped allowing A.K.B. to take martial arts classes, which had been very beneficial to A.K.B. in the past.

The affidavits also express Grandparents' concern regarding A.K.B.'s current living situation, noting that Father's live-in girlfriend is volatile and unkind. They allege that A.K.B. has experienced bullying by the children of the girlfriend who have also moved into the home. Finally, the affidavits reference statements attributed to school personnel expressing concerns about A.K.B.'s emotional welfare in the home. Grandparents maintain that these circumstances,

combined with the abrupt termination of their relationship with A.K.B., significantly impair his physical health and emotional well-being.

In February of 2023, Father discontinued all contact between A.K.B. and Grandparents. Grandparents assert that Father also prohibited communication between A.K.B. and other members of his maternal family. They contend that A.K.B. has expressed a desire to maintain a relationship with them and that the loss of that relationship has adversely affected his well-being.

In May of 2023, Grandparents filed an original petition for grandparent possession or access under chapter 153 of the Texas Family Code. Father filed a motion to dismiss the suit, asserting that Grandparents lacked standing because their affidavits did not satisfy statutory requirements. Following a hearing, the trial court determined the factual allegations in Grandparents' affidavits, even if true, were insufficient to support the requested relief because they failed to demonstrate that denial of possession or access would significantly impair A.K.B.'s physical health or emotional well-being and that, therefore, the Grandparents failed to overcome the presumption that Father is a fit parent who acts in the best interest of his child. Accordingly, the trial court dismissed the case.

## ANALYSIS

### A. Governing Law and Standard of Review

Sections 153.432 and 153.433 of the Family Code govern suits seeking grandparent possession of or access to a child. *See* TEX. FAM. CODE ANN. § 153.432–433. These two provisions operate together. Section 153.432 establishes a threshold requirement and permits a grandparent to file an original suit seeking possession of or access to a grandchild only if the grandparent attaches an affidavit alleging, with supporting facts, that denial of access would significantly impair the child's physical health or emotional well-being. *See id*. at § 153.432(c). The statute

mandates dismissal unless the court determines that the facts stated in the affidavit, if true, would be sufficient to support relief under section 153.433. *See id.* In turn, section 153.433 governs the merits determination. It authorizes the trial court to grant possession of or access to a grandchild only if the grandparent overcomes the presumption that a fit parent acts in his child's best interest and proves that denial of access would create significant impairment to the child. *See id*. at § 153.433(a)(2), (b)(2). Thus, section 153.432 establishes a threshold standing requirement, while section 153.433 defines the substantive elements of relief. This two-step framework operates as a gatekeeping mechanism, ensuring that only those claims alleging extraordinary circumstances proceed beyond the pleading stage.

Because standing implicates subject-matter jurisdiction, it is a question of law that we review de novo. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *Interest of R.P.*, No. 04-23-00522-CV, 2025 WL 702838, at *4 (Tex. App.—San Antonio Mar. 5, 2025, no pet.). Accordingly, we must independently review the sufficiency of Grandparents' affidavits under section 153.432. In doing so, we accept the alleged facts as true and determine whether they are legally sufficient to support relief under section 153.433. *See In re Sullender*, No. 12-12-00058-CV, 2012 WL 2832542, at *3 (Tex. App.—Tyler July 11, 2012, orig. proceeding); *Hobbs v. Van Stavern*, 249 S.W.3d 1, 3 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

### B.  Standing under Section 153.432 and 153.433

In their first and second issues on appeal, Grandparents contend that the trial court erred in concluding that their affidavits were legally insufficient to establish standing. Specifically, they argue (1) their affidavits allege facts demonstrating significant impairment to A.K.B.'s well-being and (2) the trial court improperly required them to overcome the fit parent presumption at the threshold stage. Because the presumption informs the standing inquiry, we address it first.

### 1. Application of the Fit-Parent Presumption

The fit parent presumption derives from the fundamental liberty interest parents possess in the care, custody, and control of their children. The United States Supreme Court recognized this principle in *Troxel v. Granville*, 530 U.S. 57, 68–69 (2000)*,* where it established that courts must afford "special weight" to a fit parent's decisions regarding third-party visitation. In response to *Troxel*, the Texas Legislature amended section 153.433 to incorporate the fit parent presumption and the heightened "significant impairment" standard. *In re Derzapf*, 219 S.W.3d 327, 333 (Tex. 2007). These amendments were adopted to ensure compliance with *Troxel* and to protect parental autonomy from unwarranted intrusion. *See* Tex. S. Comm. on Juris., Bill Analysis, Tex. H.B. 261, 79th Leg., R.S. (2005). Texas courts have repeatedly emphasized that the fit parent presumption is "fundamental" and "deeply embedded in Texas law." *In re C.J.C.*, 603 S.W.3d 804, 811-12 (Tex. 2020); *In re Derzapf*, 219 S.W.3d at 334-35.

Grandparents contend the trial court improperly required them to overcome the fit parent presumption at the standing stage by concluding their affidavits "failed to overcome the presumption that [Father] is a fit parent who acts in the best interest of his child." They argue that the presumption applies only at the merits stage under section 153.433. We disagree.

Section 153.432 does not create an independent pleading standard divorced from the merits determination. It requires dismissal unless supporting affidavits allege facts that, if true, would be sufficient to support relief under section 153.433. And section 153.433 permits relief only if the grandparent overcomes the presumption that a fit parent acts in the child's best interest by proving that denial of access would significantly impair the child's physical health or emotional well-being. TEX. FAM. CODE § 153.433(a)(2). Therefore, the presumption is not only relevant at the merits stage; it frames the standing inquiry itself. *See, e.g., In re J.M.G.*, 553 S.W.3d 137, 143 (Tex.

App.—El Paso 2018, no pet.) (holding affidavit did not "rebut the presumption that [mother acted] in the children's best interest *because* it [did] not support a conclusion that denial of access or possession by Grandmother would significantly impair the children's physical health or emotional well-being" (emphasis added)).

Thus, while grandparents are not required to prove at the pleading stage that the presumption has been overcome, their affidavits must allege facts that, if proven, would be capable of overcoming it. *In re C.J.C.*, 603 S.W.3d at 816; *In re Derzapf*, 219 S.W.3d at 333-34. An affidavit that fails to allege such facts is legally insufficient to establish standing. The trial court's ruling reflects that determination. The court did not weigh evidence or impose a merits burden. Instead, it concluded that, even accepting the alleged facts as true, they do not rise to the level required to justify overriding a fit parent's decision. This is the appropriate inquiry under section 153.432. We therefore turn to Grandparents' contention that their affidavits were sufficient to satisfy the standing requirements.

### 2. Sufficiency of the Affidavits

Even accepting Grandparents' affidavits as true, they do not allege facts showing that denial of access would significantly impair the child's physical health or emotional well-being. *See* TEX. FAM. CODE ANN. § 153.432(c). The affidavits demonstrate that Grandparents maintained a loving relationship with their grandson and that they played a substantial role in his upbringing following the death of his mother. The affidavits leave no question that Grandparents provided emotional support and stability and that the loss of their relationship has caused A.K.B. distress.

However, allegations concerning the loss of a close and beneficial relationship—even one characterized by love, support and stability—are insufficient as a matter of law. *See In re Derzapf*, 219 S.W.3d at 333-34. Texas courts maintain that emotional distress resulting from the loss of a

loving grandparent relationship does not rise to the level of significant impairment required by the statute. *See id.*

Nor do the remaining allegations supply the type of concrete, severe harm the statute requires. For example, the statement attributed to the school counselor, while troubling, does not allege specific, nonconclusory facts demonstrating significant impairment. The affidavits do not identify a diagnosis, describe concrete manifestations of severe psychological harm, or establish that denial of grandparent access would cause such impairment. Generalized concerns about a child's emotional well-being, without more, are insufficient to satisfy the statute. *See In re H.L.*, 613 S.W.3d 722, 727 (Tex. App.—Fort Worth 2020, no pet.).

The allegations regarding Father's mental health history likewise fall short. The assertions that Father has struggled with depression, "dark" thoughts, and suicidal ideation are undeniably serious. Nevertheless, the affidavits do not allege that he is currently struggling, unfit, unable to care for the child, or that his condition has resulted in abuse, endangerment, or other impairment to A.K.B. *See In re S.W.*, No. 02-21-00409-CV, 2022 WL 325385, at *9 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (rejecting reliance on past behavior absent facts showing current impairment to the child); *In re Johnson*, No. 03-12-00427-CV, 2012 WL 2742122, at *3 (Tex. App.—Austin July 3, 2012, no pet.) (rejecting allegations of mother's mental instability where grandmother did not show a connection to the children's well-being).

The same is true with respect to the allegations of mistreatment within the household. The affidavits do not allege specific, on-going, and contemporaneous conditions demonstrating that the child is presently experiencing significant impairment. *See Interest of D.D.L.*, No. 13-22-00062-CV, 2022 WL 3652496, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 25, 2022, no pet.) (requiring specific, identifiable behavior that would probably result in significant impairment).

Instead, Grandparents allegations are framed in the past and lack the detail necessary to demonstrate a current risk of serious harm.

Critically, the affidavits also do not establish a causal connection between the alleged concerns and the denial of grandparent access. The statute requires more than allegations that a child faces difficulties or would benefit from continued contact with grandparents; it requires facts showing that the denial of access itself would result in significant impairment. *See In re Derzapf*, 219 S.W.3d at 333-34; *see also In re S.W.*, 2022 WL 325385, at *8 (noting that grandmother did not show that child was significantly impaired by having less access to grandmother); *In re J.M.G.*, 553 S.W.3d at 143 (holding affidavit insufficient where it failed to allege that denial of grandparent access, rather than other circumstances, would cause significant impairment to child).

Texas courts have consistently rejected affidavits raising comparable concerns when they lack specific facts demonstrating a present risk of concrete and serious harm. *See*, *e.g.*, *In re A.G.*, No. 02-24-00548-CV, 2025 WL 294159, at *6 (Tex. App.—Fort Worth Jan. 24, 2025, no pet.) (concluding grandmother lacked standing where her affidavit failed to establish a current risk to children following death of father); *In re Martinez*, No. 05-23-00812-CV, 2024 WL 1853375, at *6 (Tex. App.—Dallas Apr. 29, 2024, no pet.) (explaining that "some impairment is not enough"— the statute requires "significant impairment"). This is especially true where the grandparents have not had recent contact with the child, undermining any claim of a present risk of significant impairment. *See Interest of K.W.*, No. 02-22-00470-CV, 2023 WL 8467370, at *3 (Tex. App.—Fort Worth Dec. 7, 2023, no pet.) (holding affidavit insufficient where allegations concerned past conduct and past home conditions but grandparent had not seen the child for an extended period). In this case, Grandparents acknowledge they had no contact with A.K.B. in the year preceding this suit, likewise undermining any allegation of a current impairment.

By contrast, courts have found the statutory threshold met where affidavits allege specific, contemporaneous conduct that exposes the child to a substantial risk of serious harm, such as sustained abuse, drug use or criminal activity. *See Interest of I.S.P.*, No. 01-22-00875-CV, 2024 WL 187438, at *4 (Tex. App.—Houston [1st Dist.] Jan. 18, 2024, no pet.) (finding standing based on allegations of ongoing drug abuse posing significant risk to infant's health); *Interest of J.R.W.*, No. 05-15-01479-CV, 2017 WL 3083930, at *6 (Tex. App.—Dallas July 20, 2017, pet. denied) (finding standing established by allegations of numerous CPS investigations into alleged sexual abuse of child and parent's stated desire to reunify child with known sex-offender); *Compton v. Pfannenstiel*, 428 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (finding standing based on allegations of drug use, criminal activity and extreme neglect in months preceding suit).

The affidavits here allege no comparable ongoing conduct or present risk of serious harm. Rather, they describe concern for the child's emotional well-being, disagreement with Father's parenting decisions and life-style choices, and past instances of concerning behavior. There are no specific, contemporaneous facts showing a present or ongoing risk of significant impairment that would justify judicial intrusion into a fit parent's decisions.

This case illustrates the demanding nature of the statutory framework governing grandparent access suits. By incorporating the constitutional protections recognized in *Troxel*, the Legislature made such suits extremely difficult to sustain. We do not question Grandparents' love for their grandson or the sincerity of their concerns. Nevertheless, courts must give special weight to fit parent's decisions, and the Legislature has imposed an extraordinarily high burden on those who seek to override those decisions. *See Troxel,* 530 U.S. at 68-69; *In re Scheller*, 325 S.W.3d 640, 643 (Tex. 2010) (orig. proceeding) (describing burden of overcoming the fit parent

presumption embodied in Section 153.432 as "hefty"). Because Grandparents' affidavits do not allege facts that, if true, would establish significant impairment resulting from denial of access or overcome the fit-parent presumption, they are legally insufficient to establish standing.

## C. Discovery

In their third issue, Grandparents argue that the trial court abused its discretion by dismissing the case without ruling on their discovery requests. However, standing is a prerequisite to subject-matter jurisdiction. Having concluded that Grandparents failed to establish standing, the trial court lacked authority to proceed further, including ordering discovery. *In re H.G.*, 267 S.W.3d 120, 124 (Tex. App.—San Antonio 2008, no pet.) (noting "a party's lack of standing deprives the trial court of subject matter jurisdiction and renders any trial court action void."). Therefore, no abuse of discretion occurred.

## CONCLUSION

Because the Grandparents' affidavits fail to allege facts that, if true, would support relief under sections 153.432 and 153.433 of the Texas Family Code, the trial court properly dismissed the suit. The judgment of the trial court is affirmed.

H. Todd McCray, Justice